IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFORLIFE SA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| SAGENT PHARMACEUTICALS (INC.), ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

InfoRLife SA ("InfoRLife" or "Plaintiff") files this Complaint for patent infringement against Sagent Pharmaceuticals a/k/a Sagent Pharmaceuticals (Inc.) ("Sagent"), and by its attorneys, hereby alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Sagent's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use ("Sagent's ANDA Product"), a generic version of InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use ("InfoRLife's Products"), prior to the expiration of U.S. Patent No. 10,888,534 (the "'534 Patent" or "the patent-in-suit").

2. Sagent notified InfoRLife by letter dated February 14, 2025 ("Sagent's Notice Letter") that it had submitted to the FDA ANDA No. 219932 ("Sagent's ANDA"), seeking

approval from the FDA to engage in the commercial manufacture, use, and/or sale of Sagent's ANDA Product prior to the expiration of the patent-in-suit. InfoRLife received the Notice Letter on or about February 18, 2025.

## PARTIES

3. Plaintiff InfoRLife is a company organized and existing under the laws of Switzerland, with its principal place of business at Casai, 7748 Campasico, Switzerland. InfoRLife is the owner by assignment of the '534 Patent. InfoRLife is the holder of New Drug Application ("NDA") No. 215700 for the sale of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, which has been approved by the FDA.

4. Upon information and belief, defendant Sagent is a corporation organized and existing under the laws of the State of Wyoming, having a business address at 1515 E. Woodfield Road, Suite 1100, Schaumburg, IL 60173. On information and belief, Sagent is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

6. Sagent is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Sagent develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business related to Plaintiff's

claims within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

7. Sagent has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

8. Upon information and belief, Sagent, with knowledge of the Hatch-Waxman Act process, directed Sagent's Notice Letter to InfoRLife, and alleged in Sagent's Notice Letter that the patent-in-suit is not infringed. Upon information and belief, Sagent knowingly and deliberately challenged InfoRLife's patent rights, and knew when it did so that it was triggering the forty-five day period for InfoRLife to bring an action for patent infringement under the Hatch-Waxman Act.

9. Upon information and belief, if Sagent's ANDA is approved, Sagent will directly or indirectly manufacture, market, sell, and/or distribute Sagent's ANDA Product within the United States, including in Delaware, consistent with Sagent's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Sagent regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Sagent's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Sagent's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used

by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of InfoRLife's patent in the event that Sagent's ANDA Product is approved before the patent-in-suit expires.

10. Upon information and belief, Sagent derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Sagent and/or for which Sagent is the named applicant on approved ANDAs. Upon information and belief, various products for which Sagent is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

11. Upon information and belief, Sagent's systematic and continuous business contacts within Delaware render it at home in Delaware.

12. In addition, this Court has personal jurisdiction over Sagent because Sagent and/or its predecessor and/or parent corporation has engaged in patent litigation concerning FDA-approved branded drug products in this district, has not contested venue or personal jurisdiction in this district, and/or has purposefully availed itself of the rights, benefits, and privileges of this forum by asserting counterclaims in this Court for the purpose of litigating patent infringement disputes under the Hatch-Waxman Act. *See, e.g., Celphalon, Inc. v. Sagent Pharms., Inc.*, C.A. No. 14-1116-GMS, D.I. 8 at 2 (Sep. 24, 2014); *In re Bendamustine Consolidated Cases*, C.A. No. 13-2046-GMS, D.I. 188 at 2 (D. Del. Feb. 13, 2015); *Fresenius Kabi USA, LLC v. Sagent Pharms., Inc.*, C.A. No. 1:17-cv-00011-LPS, D.I. 9 (June 9, 2017); *Onyx Therapeutics, Inc. v. Cipla Ltd., et al.*, C.A. No. 16-988-LPS, D.I. 338 (Jan. 2, 2019).

13. Upon information and belief, this Court has personal jurisdiction over Sagent for all the reasons stated herein, including, *inter alia*, Sagent's activities in the forum, activities

directed at the forum, and significant contacts with the forum, all of which render Sagent at home in the forum.

14. On March 27, 2025, counsel for Sagent confirmed that Sagent will not contest personal jurisdiction or venue in this Court for purposes of this litigation.

**VENUE**

15. Venue is proper in this district. Sagent has agreed not to contest venue in this Court for purposes of this litigation.

**FACTUAL BACKGROUND**

16. Norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, is a catecholamine indicated for restoration of blood pressure in adult patients with acute hypotensive states. InfoRLife sells these products in the United States pursuant to its NDA No. 215700 through its exclusive U.S. distributor, WG Critical Care, LLC ("WGCC").

17. In Sagent's Notice Letter, Sagent provided an Offer of Confidential Access to Application ("OCA") to InfoRLife to access certain information from Sagent's ANDA for the purpose of determining whether an infringement action can be brought. Plaintiff's counsel obtained access to and reviewed relevant portions of Sagent's ANDA pursuant to the OCA.

18. Upon information and belief, Sagent's ANDA Product is a generic version of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use.

19. Plaintiff is filing this Complaint within forty-five days of receipt of Sagent's Notice Letter.

**COUNT I – INFRINGEMENT OF THE '534 PATENT**

20. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

21. The '534 Patent, entitled "Storage stable ready-to-use norepinephrine aqueous solutions in flexible plastic bags" (attached as Exhibit A), was duly and legally issued on January 12, 2021.

22. The named inventors of the '534 Patent are Sergio Dusci and Sayan Dusci.

23. InfoRLife is the owner and assignee of the '534 Patent.

24. In general, the claims of the '534 Patent are directed to a sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber.

25. InfoRLife's FDA-approved norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution is a sterile, antioxidant-free aqueous norepinephrine packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber, is covered by one or more claims of the '534 Patent, including claim 1 of the '534 Patent, and the '534 Patent has been listed in connection with InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."

26. In Sagent's Notice Letter, Sagent notified InfoRLife of the submission of Sagent's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Product prior to the expiration of the '534 Patent.

27. In Sagent's Notice Letter, it also notified InfoRLife that, as part of its ANDA, Sagent had filed certifications of the type described in Section 505(j)(2)(A)(vii) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii), with respect to the '534 Patent. On information and belief, Sagent

submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '534 Patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Product.

28. According to Sagent's Notice Letter, Sagent's ANDA Product is norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, and is supplied in single-dose infusion bags.

29. By submitting Sagent's ANDA, Sagent has necessarily represented to the FDA that Sagent's ANDA Product has the same active ingredient as InfoRLife's Products, has the same dosage form, route of administration, and strength as InfoRLife's Products, and is bioequivalent to InfoRLife's Products.

30. Upon information and belief, Sagent's ANDA Product and the use of Sagent's ANDA Product in accordance with its proposed labeling satisfies literally and/or under the doctrine of equivalents each of the limitations of at least claim 1 of the '534 Patent. Sagent's Notice Letter did not contest that Sagent's ANDA Product literally and/or by equivalents satisfies various of the limitations of claim 1 of the '534 Patent.

31. Claim 1 of the '534 Patent recites:

> 1. A sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber consisting essentially of between about 0.010 and 0.2 mg/ml of norepinephrine concentration as free base,
>     a tonicity adjusting agent to provide an osmolality of from 260 and 320 mosm/kg, and
>     sufficient acid and optionally a base to provide a pH of from about 3.6 to 3.8, with the remainder water, and
>     wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution, and

wherein, after storage for from 12 months to about 24 months at room temperature of about 25° C., the solution remains clear and colorless and/or the solution contains 90% or more of an initial amount of norepinephrine.

32. Upon information and belief, Sagent's ANDA Product literally meets each and every limitation of at least claim 1 of the '534 Patent.

33. Upon information and belief, Sagent's ANDA Product is a sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber consisting essentially of between about 0.010 and 0.2 mg/ml of norepinephrine concentration as free base, a tonicity adjusting agent to provide an osmolality of from 260 and 320 mOsm/kg, and sufficient acid and optionally a base to provide a pH of from about 3.6 to 3.8, with the remainder water, and wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution, and wherein, after storage for from 12 months to about 24 months at room temperature of about 25° C., the solution remains clear and colorless and/or the solution contains 90% or more of an initial amount of norepinephrine.

34. If any differences are found to exist between Sagent's ANDA Product and claim 1 of the '534 Patent, then such differences are insubstantial, and thus satisfy the requirements for infringement under the doctrine of equivalents. Given the features of Sagent's ANDA Product and its active ingredient, as well as the limitations of claim 1 of the '534 Patent, for each claim limitation there is a corresponding aspect of Sagent's ANDA Product and/or its active ingredient that performs substantially the same function, in substantially the same way, to achieve substantially the same result.

35. Sagent's submission of Sagent's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's

ANDA Product before the expiration of the '534 Patent was an act of infringement of the '534 Patent under 35 U.S.C. § 271(e)(2)(A).

36. Upon information and belief, Sagent will engage in the manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Product immediately and imminently upon approval of its ANDA.

37. Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '534 Patent, including at least claim 1 of the '534 Patent.

38. Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Product in accordance with, and as directed by, its proposed labeling would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '534 Patent, including at least claim 1 of the '534 Patent.

39. Sagent was aware of the '534 Patent before it submitted its ANDA to the FDA. Upon information and belief, Sagent plans and intends to, and will, directly infringe and/or actively induce and/or contribute to infringement of the '534 Patent when Sagent's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Sagent's activities will be done with knowledge of the '534 Patent and specific intent to infringe that patent.

40. Notwithstanding Sagent's knowledge of the claims of the '534 Patent, Sagent has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Product in accordance with its product labeling following FDA approval of Sagent's ANDA prior to the expiration of the '534 Patent.

41. The foregoing actions by Sagent constitute and/or will constitute infringement of the '534 Patent, active inducement of infringement by others of the '534 Patent, and/or contributory infringement of the '534 Patent.

42. Upon information and belief, Sagent has acted with full knowledge of the '534 Patent and without a reasonable basis for believing that it would not be liable for infringement of the '534 Patent, active inducement of infringement of the '534 Patent, and/or contributing to the infringement by others of the '534 Patent.

43. Plaintiff will be substantially and irreparably damaged by infringement of the '534 Patent.

44. Unless Sagent is enjoined from infringing the '534 Patent, actively inducing infringement of the '534 Patent, and contributing to infringement of the '534 Patent, Plaintiff will suffer irreparable injury. Plaintiff has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '534 PATENT

45. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

46. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiff on the one hand and Sagent on the other regarding Sagent's infringement, active inducement of infringement, and contributory infringement of the '534 Patent.

47. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sagent's ANDA Product in accordance with its proposed labeling, or any other Sagent drug product that is covered by or whose use is covered by the '534 Patent, will infringe and induce the infringement of the '534 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the patent-in-suit has been infringed under 35 U.S.C. § 271(e)(2) by Sagent's submission to the FDA of Sagent's ANDA;

B. A judgment ordering that the effective date of any FDA approval Sagent's ANDA Product, or any other drug product that infringes or the use of which infringes the patent-in-suit, be not earlier than the expiration date of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

C. A preliminary and permanent injunction enjoining Sagent, its officers and directors, and all persons acting in concert with Sagent, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sagent's ANDA Product, or any other drug product covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

D. A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Sagent's ANDA Product, or any other drug product which is covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, will infringe, induce the infringement, and contribute to the infringement of said patent;

E. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

F. Costs and expenses in this action; and

G. Such further and other relief as this Court may deem just and proper.

OF COUNSEL:

Steven Lieberman
Jennifer Nock
Rachel M. Echols
Gary J. Prato, II
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., N.W., Suite 900E
Washington, DC 20001
(202) 783-6040

March 28, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*
Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff InfoRLife SA*