IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INFORLIFE SA and SINTETICA S.A.,

Plaintiffs,

v.

SAGENT PHARMACEUTICALS (INC.),

Defendant.

C.A. No. 25-387-SB

Original Version Filed: August 13, 2025
Public Version Filed: August 20, 2025

## ANSWER TO FIRST AMENDED COMPLAINT AGAINST DEFENDANT, SAGENT, AFFIRMATIVE DEFENSES & COUNTERCLAIMS

Defendant Sagent Pharmaceuticals ("Sagent"), incorrectly identified as Sagent Pharmaceuticals (Inc.), by its undersigned attorneys, hereby provides the following answers, defenses, and counterclaims to the First Amended Complaint filed by Plaintiffs InfoRLife S.A. and Sintetica S.A. ("Plaintiffs") as follows:

## NATURE OF ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Sagent's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use ("Sagent's ANDA Products"), a generic version of InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use ("InfoRLife's Products"), prior to the expiration of U.S. Patent Nos. 10,888,534 (the "'534 Patent"), RE49,422 ("the RE422 Patent"), and RE49,443 ("the RE443 Patent") (collectively, the "Patents-in-Suit").

**RESPONSE:** Sagent admits that Plaintiff purports to bring an action against Sagent for infringement of the '534 Patent, the RE422 Patent, and the RE443 Patent under the patent laws of the United States, Title 35 of the United States Code, and for a declaratory judgment of patent infringement of the '534 patent, the RE422 Patent, and the RE433 Patent under 28 U.S.C. §§ 2201 and 2202. Sagent admits that it submitted an ANDA seeking FDA approval to market

1

norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent denies the remaining allegations of paragraph 1.

2.     Sagent notified InfoRLife by letter dated February 14, 2025 ("Sagent's Notice Letter") that it had submitted to the FDA ANDA No. 219932 ("Sagent's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of Sagent's ANDA Products prior to the expiration of the '534 Patent. InfoRLife received the Notice Letter on or about February 18, 2025.

**RESPONSE:**     Admitted.

3.     Plaintiff InfoRLife is a licensee of the RE422 Patent and the RE443 Patent by and through their owner and assignee, Plaintiff Sintetica. The RE422 Patent and the RE443 Patent are directed to stable low concentration, injectable solutions of noradrenaline (i.e., norepinephrine) and have been listed in connection with InfoRLife's Products in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations, which is referred to as the "Orange Book."

**RESPONSE:**     Sagent admits the RE422 Patent and the RE443 Patent have been listed in connection with InfoRLife's Products in the Orange Book. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff InfoRLife is a licensee of the RE422 Patent and the RE443 Patent by and through their owner and assignee, Plaintiff Sintetica, and therefore denies the same. Sagent denies the remaining allegations of paragraph 3.

## PARTIES

4.     Plaintiff InfoRLife is a company organized and existing under the laws of Switzerland, with its principal place of business at Casai, 7748 Campasico, Switzerland. InfoRLife is the owner by assignment of the '534 Patent. InfoRLife is the holder of New Drug Application ("NDA") No. 215700 for the sale of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use (InfoRLife's Products), which has been approved by the FDA.

**RESPONSE:**     Sagent admits that FDA's Orange Book lists InfoRLife SA as the holder of NDA No. 215700. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 4 and therefore denies the same.

5.     Plaintiff Sintetica is a company organized and existing under the laws of

2

Switzerland, with its principal place of business at Via Penate 5, 6850 Mendrisio, Switzerland. Sintetica is the owner by assignment of the RE443 patent and the RE422 patent.

**RESPONSE:**    Sagent lacks sufficient knowledge or information to form a belief as to the

truth of the allegations contained in paragraph 5 and therefore denies the same.

6.    Upon information and belief, defendant Sagent is a corporation organized and existing under the laws of the State of Wyoming, having a business address at 1515 E. Woodfield Road, Suite 1100, Schaumburg, IL 60173. On information and belief, Sagent is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

**RESPONSE:**    Sagent admits that it is a corporation organized and existing under the laws of

the State of Wyoming, having a business address at 1515 E. Woodfield Road, Suite 1100,

Schaumburg, IL 60173. Sagent denies the remaining allegations of paragraph 6.

## JURISDICTION

7.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**RESPONSE:**    Paragraph 7 states a legal conclusion to which no response is required. Without

waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of

this case only.

8.    Sagent is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Sagent develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business related to Plaintiffs' claims within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

**RESPONSE:**    Paragraph 8 states a legal conclusion to which no response is required. Without

waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of

this case only. Sagent denies the remaining allegations of paragraph 8.

9.    Sagent has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type

described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

**RESPONSE:**    Admitted.

10.    Upon information and belief, Sagent, with knowledge of the Hatch-Waxman Act process, directed Sagent's Notice Letter to InfoRLife, and alleged in Sagent's Notice Letter that the '534 Patent is not infringed. Upon information and belief, Sagent knowingly and deliberately challenged InfoRLife's patent rights, and knew when it did so that it was triggering the forty-five day period for InfoRLife to bring an action for patent infringement under the Hatch-Waxman Act.

**RESPONSE:**    Sagent admits it directed its Notice Letter to InfoRLife and provided a detailed

statement to InfoRLife stating that Sagent's ANDA Product, norepinephrine bitartrate in 0.9%

sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use,

does not infringe the '534 Patent. Sagent denies the remaining allegations of paragraph 10.

11.    Upon information and belief, if Sagent's ANDA is approved, Sagent will directly or indirectly manufacture, market, sell, and/or distribute Sagent's ANDA Products within the United States, including in Delaware, consistent with Sagent's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Sagent regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Sagent's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Sagent's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of each of the Patents-in-Suit in the event that Sagent's ANDA Products are approved before such patents expire.

**RESPONSE:**    Paragraph 11 states legal conclusions to which no response is required. Without

waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of

this case only. Sagent denies the remaining allegations of paragraph 11.

12.    Upon information and belief, Sagent derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Sagent and/or for which Sagent is the named applicant on approved ANDAs. Upon information and belief, various products for which Sagent is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**RESPONSE:**    Sagent admits that various products for which Sagent is the named applicant on

4

approved ANDAs are available at retail pharmacies in Delaware and that Sagent derives revenue from the sale of such products. Sagent denies the remaining allegations of paragraph 12.

13.     Upon information and belief, Sagent's systematic and continuous business contacts within Delaware render it at home in Delaware.

**RESPONSE:**     Paragraph 13 states legal conclusions to which no response is required. Without waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of this case only. Sagent denies the remaining allegations of paragraph 13.

14.     In addition, this Court has personal jurisdiction over Sagent because Sagent and/or its predecessor and/or parent corporation has engaged in patent litigation concerning FDA-approved branded drug products in this district, has not contested venue or personal jurisdiction in this district, and/or has purposefully availed itself of the rights, benefits, and privileges of this forum by asserting counterclaims in this Court for the purpose of litigating patent infringement disputes under the Hatch-Waxman Act. *See, e.g., Celphalon, Inc. v. Sagent Pharms., Inc., C.A.* No. 14-1116-GMS, D.I. 8 at 2 (D. Del. Sep. 24, 2014); *In re Bendamustine Consolidated Cases*, C.A. No. 13-2046-GMS, D.I. 188 at 2 (D. Del. Feb. 13, 2015); *Fresenius Kabi USA, LLC v. Sagent Pharms., Inc.*, C.A. No. 17-11-LPS, D.I. 9 (D. Del. June 9, 2017); *Onyx Therapeutics, Inc. v. Cipla Ltd., et al.*, C.A. No. 16- 988-LPS, D.I. 338 (D. Del. Jan. 2, 2019).

**RESPONSE:**     Paragraph 14 states legal conclusions to which no response is required. Without waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of this case only. Sagent denies the remaining allegations of paragraph 14.

15.     Upon information and belief, this Court has personal jurisdiction over Sagent for all the reasons stated herein, including, inter alia, Sagent's activities in the forum, activities directed at the forum, and significant contacts with the forum, all of which render Sagent at home in the forum.

**RESPONSE:**     Paragraph 15 states legal conclusions to which no response is required. Without waiver of rights, Sagent does not contest personal jurisdiction in this district for the purposes of this case only. Sagent denies the remaining allegations of paragraph 15.

16.     On March 27, 2025, counsel for Sagent confirmed that Sagent will not contest personal jurisdiction or venue in this Court for purposes of this litigation.

**RESPONSE:**     Admitted.

5

## VENUE

17.    Venue is proper in this district. Sagent has agreed not to contest venue in this Court for purposes of this litigation.

**RESPONSE:**    Paragraph 17 states legal conclusions to which no response is required. Without waiver of rights, Sagent does not contest venue in this district for the purposes of this case only.

## FACTUAL BACKGROUND

18.    Norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, is a catecholamine indicated for restoration of blood pressure in adult patients with acute hypotensive states. InfoRLife sells these products (InfoRLife's Products) in the United States pursuant to its NDA No. 215700 through its exclusive U.S. distributor, WG Critical Care, LLC ("WGCC").

**RESPONSE:**    Sagent admits that the approved labeling for Norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use, states that it is a catecholamine indicated for restoration of blood pressure in adult patients with acute hypotensive states. Sagent also admits that FDA's Orange Book lists InfoRLife as the holder of NDA No. 215700. Sagent does not have sufficient information to admit or deny the remaining allegations of paragraph 18 and therefore denies the same.

19.    In Sagent's Notice Letter, Sagent provided an Offer of Confidential Access to Application ("OCA") to InfoRLife to access certain information from Sagent's ANDA for the purpose of determining whether an infringement action can be brought. InfoRLife's counsel obtained access to and reviewed relevant portions of Sagent's ANDA pursuant to the OCA.

**RESPONSE:**    Sagent admits that in Sagent's Notice Letter, Sagent provided an Offer of Confidential Access to Application ("OCA") to InfoRLife to access certain information from Sagent's ANDA for the purpose of determining whether an infringement action can be brought. Sagent admits that Sagent provided Plaintiffs' counsel with access to relevant portions of Sagent's ANDA as it existed at that time, along with other relevant information, pursuant to the OCA. Sagent does not have sufficient information to admit or deny the remaining allegations of paragraph 19 and therefore denies the same.

20.    Upon information and belief, Sagent's ANDA Products are generic versions of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solutions, for intravenous use.

**RESPONSE:**    Sagent admits that Sagent's ANDA Product is norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent denies the remaining allegations of paragraph 20.

21.    Plaintiff InfoRLife filed its original Complaint within forty-five days of receipt of Sagent's Notice Letter.

**RESPONSE:**    Sagent admits that InfoRLife filed its original Complaint for infringement of the '534 Patent within forty-five days of receipt of Sagent's Notice Letter.

## COUNT I – INFRINGEMENT OF THE '534 PATENT

22.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**    Sagent repeats and realleges its responses to each of the preceding paragraphs as if fully set forth herein.

23.    The '534 Patent, entitled "Storage stable ready-to-use norepinephrine aqueous solutions in flexible plastic bags" (attached as Exhibit A), was duly and legally issued on January 12, 2021.

**RESPONSE:**    Sagent admits that an Exhibit purporting to be a copy of the '534 patent is attached to the First Amended Complaint as Exhibit A and is titled, "Storage stable ready-to-use norepinephrine aqueous solutions in flexible plastic bags." Sagent denies the remaining allegations of paragraph 23.

24.    The named inventors of the '534 Patent are Sergio Dusci and Sayan Dusci.

**RESPONSE:**    Sagent admits that Sergio Dusci and Sayan Dusci are named as inventors on the face of the '534 Patent. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies the same.

25.    InfoRLife is the owner and assignee of the '534 Patent.

7

**RESPONSE:**   Sagent lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 and therefore denies the same.

26.   In general, the claims of the '534 Patent are directed to a sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber.

**RESPONSE:**   Denied.

27.   InfoRLife's Products are sterile, antioxidant-free aqueous norepinephrine solutions packaged in flexible plastic containers in sealed over-wrap pouches containing an oxygen absorber, and are covered by one or more claims of the '534 Patent, including claim 1 of the '534 Patent. The '534 Patent has been listed in connection with InfoRLife's Products in the Orange Book.

**RESPONSE:**   Sagent admits that the '534 Patent is listed in the FDA's Orange Book in connection with norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies the same.

28.   In Sagent's Notice Letter, Sagent notified InfoRLife of the submission of Sagent's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products prior to the expiration of the '534 Patent.

**RESPONSE:**   Sagent admits that Sagent's Notice Letter notified InfoRLife of the submission of Sagent's ANDA to the FDA. Sagent denies the remaining allegations of paragraph 28.

29.   In Sagent's Notice Letter, it also notified InfoRLife that, as part of its ANDA, Sagent had filed certifications of the type described in Section 505(j)(2)(A)(vii) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii), with respect to the '534 Patent. On information and belief, Sagent submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '534 Patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products.

**RESPONSE:**   Admitted.

30.   According to Sagent's Notice Letter, Sagent's ANDA Products are norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solutions, for

8

intravenous use, and are supplied in single-dose infusion bags.

**RESPONSE:**    Sagent admits that Sagent's ANDA Product is norepinephrine bitartrate in 0.9%

sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use.

Sagent denies the remaining allegations of paragraph 30.

31.    By submitting Sagent's ANDA, Sagent has necessarily represented to the FDA that Sagent's ANDA Products have the same active ingredient as InfoRLife's Products, have the same dosage form, route of administration, and strength as InfoRLife's Products, and are bioequivalent to InfoRLife's Products.

**RESPONSE:**    Sagent admits its ANDA Product is norepinephrine bitartrate in 0.9% sodium

chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent

denies the remaining allegations of paragraph 31.

32.    Upon information and belief, Sagent's ANDA Products and the use of Sagent's ANDA Products in accordance with its proposed labeling satisfies literally and/or under the doctrine of equivalents each of the limitations of at least claim 1 of the '534 Patent. Sagent's Notice Letter did not contest that Sagent's ANDA Products literally and/or by equivalents satisfies various of the limitations of claim 1 of the '534 Patent.

**RESPONSE:**    Denied.

33.    Claim 1 of the '534 Patent recites:

> 1. A sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container in a sealed over-wrap pouch containing an oxygen absorber consisting essentially of between about 0.010 and 0.2 mg/ml of norepinephrine concentration as free base,
>       a tonicity adjusting agent to provide an osmolality of from 260 and 320 mosm/kg, and
>       sufficient acid and optionally a base to provide a pH of from about 3.6 to 3.8, with the remainder water, and
>       wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution, and
>       wherein, after storage for from 12 months to about 24 months at room temperature of about 25° C., the solution remains clear and colorless and/or the solution contains 90% or more of an initial amount of norepinephrine.

**RESPONSE:**    Sagent admits that paragraph 33 purports to recite claim 1 of the '534 patent.

Sagent denies the remaining allegations of paragraph 33.

34.     Upon information and belief, Sagent's ANDA Products literally meet each and every limitation of at least claim 1 of the '534 Patent.

**RESPONSE:**    Denied.

35.     Upon information and belief, Sagent's ANDA Products are sterile, antioxidant-free aqueous norepinephrine solutions packaged in flexible plastic containers in sealed over-wrap pouches containing an oxygen absorber consisting essentially of between about 0.010 and 0.2 mg/ml of norepinephrine concentration as free base, a tonicity adjusting agent to provide an osmolality of from 260 and 320 mOsm/kg, and sufficient acid and optionally a base to provide a pH of from about 3.6 to 3.8, with the remainder water, and wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution, and wherein, after storage for from 12 months to about 24 months at room temperature of about 25° C., the solution remains clear and colorless and/or the solution contains 90% or more of an initial amount of norepinephrine.

**RESPONSE:**    Denied.

36.     If any differences are found to exist between Sagent's ANDA Products and claim 1 of the '534 Patent, then such differences are insubstantial, and thus satisfy the requirements for infringement under the doctrine of equivalents. Given the features of Sagent's ANDA Products and their active ingredient, as well as the limitations of claim 1 of the '534 Patent, for each claim limitation there is a corresponding aspect of Sagent's ANDA Products and/or their active ingredient that performs substantially the same function, in substantially the same way, to achieve substantially the same result.

**RESPONSE:**    Denied.

37.     Sagent's submission of Sagent's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products before the expiration of the '534 Patent was an act of infringement of the '534 Patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:**    Denied.

38.     Upon information and belief, Sagent will engage in the manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products immediately and imminently upon approval of its ANDA.

**RESPONSE:**    Denied.

39.     Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Products would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '534 Patent, including at least claim 1 of the '534 Patent.

**RESPONSE:**    Denied.

40.    Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Products in accordance with, and as directed by, their proposed labeling would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '534 Patent, including at least claim 1 of the '534 Patent.

**RESPONSE:**    Denied.

41.    Sagent was aware of the '534 Patent before it submitted its ANDA to the FDA. Upon information and belief, Sagent plans and intends to, and will, directly infringe and/or actively induce and/or contribute to infringement of the '534 Patent when Sagent's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Sagent's activities will be done with knowledge of the '534 Patent and specific intent to infringe that patent.

**RESPONSE:**    Sagent admits it was aware of the '534 Patent before it submitted its ANDA to

the FDA. Sagent denies the remaining allegations of paragraph 41.

42.    Notwithstanding Sagent's knowledge of the claims of the '534 Patent, Sagent has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Product in accordance with its product labeling following FDA approval of Sagent's ANDA prior to the expiration of the '534 Patent.

**RESPONSE:**    Sagent admits that it submitted its ANDA to the FDA seeking approval to

manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Product with its product

labeling following FDA approval of Sagent's ANDA prior to the expiration of the '534 patent.

Sagent denies the remaining allegations of paragraph 42.

43.    The foregoing actions by Sagent constitute and/or will constitute infringement of the '534 Patent, active inducement of infringement by others of the '534 Patent, and/or contributory infringement of the '534 Patent.

**RESPONSE:**    Denied.

44.    Upon information and belief, Sagent has acted with full knowledge of the '534 Patent and without a reasonable basis for believing that it would not be liable for infringement of the '534 Patent, active inducement of infringement of the '534 Patent, and/or contributing to the infringement by others of the '534 Patent.

**RESPONSE:**    Denied.

45.    Plaintiffs will be substantially and irreparably damaged by infringement of the '534 Patent.

**RESPONSE:**    Denied.

11

46.     Unless Sagent is enjoined from infringing the '534 Patent, actively inducing infringement of the '534 Patent, and contributing to infringement of the '534 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**     Denied.

## COUNT II – DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '534 PATENT

47.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**     Sagent incorporates each of the preceding paragraphs as if fully set forth herein.

48.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Sagent on the other regarding Sagent's infringement, active inducement of infringement, and contributory infringement of the '534 Patent.

**RESPONSE:**     Sagent admits there is a case or controversy between Plaintiff and Sagent regarding the validity and infringement of the '534 Patent. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, denied.

49.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sagent's ANDA Products in accordance with their proposed labeling, or any other Sagent drug products that are covered by or whose use is covered by the '534 Patent, will infringe and induce the infringement of the '534 Patent.

**RESPONSE:**     Denied.

## COUNT III – INFRINGEMENT OF THE RE422 PATENT

50.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**     Sagent incorporates each of the preceding paragraphs as if fully set forth herein.

51.     The RE422 Patent, entitled "Process for producing a stable low concentration, injectable solution of noradrenaline" (attached as Exhibit B), was duly and legally issued on February 21, 2023.

**RESPONSE:**     Sagent admits that an Exhibit purporting to be a copy of the RE422 Patent is attached to the First Amended Complaint as Exhibit B and is titled "Process for producing a stable low concentration, injectable solution of noradrenaline." Sagent denies the remaining allegations

of paragraph 51.

52.     The named inventors of the RE422 Patent are Augusto Mitidieri, Elisabetta Donati, and Nicola Caronzolo.

**RESPONSE:**     Sagent admits that Augusto Mitidieri, Elisabetta Donati, and Nicola Caronzolo are named as inventors on the face of the RE422 Patent. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore denies the same.

53.     Sintetica is the owner and assignee of the RE422 Patent.

**RESPONSE:**     Sagent lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53 and therefore denies the same.

54.     In general, the claims of the RE422 Patent are directed to a stable injectable norepinephrine solution comprising NaCl as an excipient, wherein the solution is free of preservatives and anti-oxidizing agents and complexing agents.

**RESPONSE:**     Denied.

55.     InfoRLife's Products are stable injectable norepinephrine solutions comprising NaCl as an excipient that are free of preservatives, anti-oxidizing agents, and complexing agents, and are covered by one or more claims of the RE422 Patent, including claim 4 of the RE422 Patent. The RE422 Patent has been listed in connection with InfoRLife's Products in the FDA's Orange Book.

**RESPONSE:**     Sagent admits that the RE422 Patent is listed in the FDA's Orange Book in connection with InfoRLife's Products. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies the same.

56.     Sagent's ANDA Products are norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution and are free of preservatives, anti-oxidizing agents, and complexing agents.

**RESPONSE:**     Admitted.

57.     By submitting Sagent's ANDA, Sagent has necessarily represented to the FDA that Sagent's ANDA Products have the same active ingredient as InfoRLife's Products, have the same

13

dosage form, route of administration, and strength as InfoRLife's Products, and are bioequivalent to InfoRLife's Products.

**RESPONSE:**    Sagent admits its ANDA Product is norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent denies the remaining allegations of paragraph 57.

58.    Upon information and belief, Sagent's ANDA Products and the use of Sagent's ANDA Products in accordance with their proposed labeling satisfies literally and/or under the doctrine of equivalents each of the limitations of at least claim 4 of the RE422 Patent.

**RESPONSE:**    Denied.

59.    Claim 4 of the RE422 Patent recites:

> 4. A stable injectable noradrenaline solution comprising noradrenaline or a pharmaceutically acceptable salt thereof, a solvent, an excipient, and hydrochloric acid, wherein the concentration of noradrenaline or pharmaceutically acceptable salt thereof based on the weight of noradrenaline base is less than or equal to 0.2 mg/ml, the solvent consists of degassed or deaerated water, the excipient is NaCl, and the pH of the solution is in the range of 3.3 to 3.6, and wherein the solution is free of preservatives and anti-oxidizing agents and complexing agents.

**RESPONSE:**    Sagent admits that paragraph 59 purports to recite claim 4 of the RE422 Patent. Sagent denies the remaining allegations of paragraph 59.

60.    Upon information and belief, Sagent's ANDA Products literally meet each and every limitation of at least claim 4 of the RE422 Patent.

**RESPONSE:**    Denied.

61.    Upon information and belief, Sagent's ANDA Products are stable injectable norepinephrine (i.e., noradrenaline) solutions wherein the concentration of norepinephrine or a pharmaceutically acceptable salt thereof based on the weight of norepinephrine base is less than or equal to 0.2 mg/ml, the solvent consists of degassed or deaerated water, includes sodium chloride (i.e., NaCl) as an excipient, and wherein hydrochloric acid is used to adjust the pH of the solution in a range of pH 3.3 to 3.6, and wherein the solutions are free of preservatives, antioxidants and complexing agents.

**RESPONSE:**    Denied.

62.    If any differences are found to exist between Sagent's ANDA Products and claim 4 of the RE422 Patent, then such differences are insubstantial, and thus satisfy the requirements for infringement under the doctrine of equivalents. Given the features of Sagent's ANDA Products

14

and their active ingredient, as well as the limitations of claim 4 of the RE422 Patent, for each claim limitation there is a corresponding aspect of Sagent's ANDA Products and/or their active ingredient that performs substantially the same function, in substantially the same way, to achieve substantially the same result.

**RESPONSE:**    Denied.

63.    Sagent's submission of Sagent's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products, before the expiration of the RE422 Patent, was an act of infringement of the RE422 Patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:**    Denied.

64.    Upon information and belief, Sagent will engage in the manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products immediately and imminently upon approval of its ANDA.

**RESPONSE:**    Denied.

65.    Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Products would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE422 Patent, including at least claim 4 of the RE422 Patent.

**RESPONSE:**    Denied.

66.    Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of Sagent's ANDA Products in accordance with, and as directed by, their proposed labeling would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE422 Patent, including at least claim 4 of the RE422 Patent.

**RESPONSE:**    Denied.

67.    Upon information and belief, Sagent is aware of the RE422 Patent because it is listed in the Orange Book in connection with InfoRLife's Products. Upon information and belief, Sagent plans and intends to, and will, directly infringe and/or actively induce and/or contribute to infringement of the RE422 Patent when Sagent's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Sagent's activities will be done with knowledge of the RE422 Patent and specific intent to infringe that patent.

**RESPONSE:**    Sagent admits that it is aware of the RE422 Patent and that it was listed in the

Orange Book in connection with InfoRLife's Products after Sagent submitted its ANDA to FDA.

Sagent denies the remaining allegations of paragraph 67.

15

68.     Upon information and belief, notwithstanding Sagent's knowledge of the claims of the RE422 Patent, Sagent has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Products in accordance with their product labeling following FDA approval of Sagent's ANDA prior to the expiration of the RE422 Patent.

**RESPONSE:**     Sagent admits it submitted an amendment to its ANDA to the FDA seeking approval to manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Product with its product labeling following FDA approval of Sagent's ANDA prior to the expiration of the RE422 Patent. Sagent denies the remaining allegations of paragraph 68.

69.     The foregoing actions by Sagent constitute and/or will constitute infringement of the RE422 Patent, active inducement of infringement by others of the RE422 Patent, and/or contributory infringement of the RE422 Patent.

**RESPONSE:**     Denied.

70.     Upon information and belief, Sagent has acted with full knowledge of the RE422 Patent and without a reasonable basis for believing that it would not be liable for infringement of the RE422 Patent, active inducement of infringement of the RE422 Patent, and/or contributing to the infringement by others of the RE422 Patent.

**RESPONSE:**     Denied.

71.     Plaintiffs will be substantially and irreparably damaged by infringement of the RE422 Patent.

**RESPONSE:**     Denied.

72.     Unless Sagent is enjoined from infringing the RE422 Patent, actively inducing infringement of the RE422 Patent, and contributing to infringement of the RE422 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**     Denied.

**COUNT IV – DECLARATORY JUDGMENT
OF INFRINGEMENT OF THE RE422 PATENT**

73.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**     Sagent incorporates each of the preceding paragraphs as if fully set forth herein.

74.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Sagent on the other regarding Sagent's infringement, active inducement of

16

infringement, and contributory infringement of the RE422 Patent.

**RESPONSE:**    Sagent admits there is a case or controversy between Plaintiff and Sagent regarding the validity and infringement of the RE422 Patent. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, denied.

75.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sagent's ANDA Products in accordance with their proposed labeling, or any other Sagent drug products that are covered by or whose use is covered by the RE422 Patent, will infringe and induce the infringement of the RE422 Patent.

**RESPONSE:**    Denied.

## COUNT V – INFRINGEMENT OF THE RE443 PATENT

76.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**    Sagent incorporates each of the preceding paragraphs as if fully set forth herein.

77.    The RE443 Patent, entitled "Process for producing a stable low concentration, injectable solution of noradrenaline" (attached as Exhibit C), was duly and legally issued on March 7, 2023.

**RESPONSE:**    Sagent admits that an Exhibit purporting to be a copy of the RE443 Patent is attached to the First Amended Complaint as Exhibit C and is titled "Process for producing a stable low concentration, injectable solution of noradrenaline." Sagent denies the remaining allegations of paragraph 77.

78.    The named inventors of the RE443 Patent are Augusto Mitidieri, Elisabetta Donati, and Nicola Caronzolo.

**RESPONSE:**    Sagent admits that Augusto Mitidieri, Elisabetta Donati, and Nicola Caronzolo are named as inventors on the face of the RE443 Patent. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 78 and therefore denies the same.

79.    Sintetica is the owner and assignee of the RE443 Patent.

17

**RESPONSE:**    Sagent lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 79 and therefore denies the same.

80.    In general, the claims of the RE443 Patent are directed to a stable injectable noradrenaline solution comprising NaCl as an excipient, wherein the solution is free of preservatives and anti-oxidizing agents.

**RESPONSE:**    Denied.

81.    InfoRLife's FDA-approved norepinephrine bitartrate in 0.9% sodium chloride (16 mg/250 ml) solution is a stable injectable noradrenaline solution comprising NaCl as an excipient that is free of preservatives and anti-oxidizing agents, and is covered by one or more claims of the RE443 Patent, including claim 4 of the RE443 Patent. The RE443 Patent has been listed in connection with InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride (16 mg/250 ml) solution, for intravenous use, in the FDA's Orange Book.

**RESPONSE:**    Sagent admits that the RE443 Patent is listed in the FDA's Orange Book in connection with InfoRLife's Products. Sagent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 81 and therefore denies the same.

82.    Sagent's ANDA Products include a norepinephrine bitartrate in 0.9% sodium chloride (16 mg/250 ml) solution, that is free of preservatives and anti-oxidizing agents ("Sagent's 16 mg/250 ml ANDA Product").

**RESPONSE:**    Admitted.

83.    By submitting Sagent's ANDA, Sagent has necessarily represented to the FDA that Sagent's ANDA Products have the same active ingredient as InfoRLife's Products, have the same dosage form, route of administration, and strength as InfoRLife's Products, and are bioequivalent to InfoRLife's Products.

**RESPONSE:**    Sagent admits its ANDA Product is norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use. Sagent denies the remaining allegations of paragraph 83.

84.    Upon information and belief, at least Sagent's 16 mg/250 ml ANDA Product and the use of at least Sagent's 16 mg/250 ml ANDA Product in accordance with its proposed labeling satisfies literally and/or under the doctrine of equivalents each of the limitations of at least claim 1 of the RE443 Patent.

18

**RESPONSE:**    Denied.

85.    Claim 1 of the RE443 Patent recites:

1.   A stable injectable noradrenaline solution comprising noradrenaline, a solvent, an excipient, and hydrochloric acid, wherein the amount of noradrenaline is from 0.04 to 0.2 mg/ml, the solvent is degassed or deaerated water, the excipient is NaCl, and the pH of the solution is in the range of from 3.3 to 3.6, and wherein the solution is free of preservatives and anti-oxidizing agents.

**RESPONSE:**    Sagent admits that paragraph 85 purports to recite claim 1 of the RE443 Patent.

Sagent denies the remaining allegations of paragraph 85.

86.    Upon information and belief, at least Sagent's 16 mg/250 ml ANDA Product literally meets each and every limitation of at least claim 1 of the RE443 Patent.

**RESPONSE:**    Denied.

87.    Upon information and belief, at least Sagent's 16 mg/250 ml ANDA Product is a stable injectable norepinephrine (i.e., noradrenaline) solution wherein the concentration of norepinephrine or a pharmaceutically acceptable salt thereof based on the weight of norepinephrine base is from 0.04 to 0.2 mg/ml, the solvent consists of degassed or deaerated water, includes sodium chloride (i.e., NaCl) as an excipient, wherein hydrochloric acid is used to adjust the pH of the solution in a range of pH 3.3 to 3.6, and wherein the solution is free of preservatives and anti- oxidizing agents.

**RESPONSE:**    Denied.

88.    If any differences are found to exist between at least Sagent's 16 mg/250 ml ANDA Product and claim 1 of the RE443 Patent, then such differences are insubstantial, and thus satisfy the requirements for infringement under the doctrine of equivalents. Given the features of at least Sagent's 16 mg/250 ml ANDA Product and its active ingredient, as well as the limitations of claim 1 of the RE443 Patent, for each claim limitation there is a corresponding aspect of at least Sagent's 16 mg/250 ml ANDA Product and/or its active ingredient that performs substantially the same function, in substantially the same way, to achieve substantially the same result.

**RESPONSE:**    Denied.

89.    Sagent's submission of Sagent's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sagent's ANDA Products, before the expiration of the RE443 Patent, was an act of infringement of the RE443 Patent under 35 U.S.C. § 271(e)(2)(A).

**RESPONSE:**    Denied.

90.    Upon information and belief, Sagent will engage in the manufacture, use, offer for

sale, sale, and/or importation of Sagent's ANDA Products immediately and imminently upon approval of its ANDA.

**RESPONSE:**    Denied.

91.    Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of at least Sagent's 16 mg/250 ml ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE443 Patent, including at least claim 1 of the RE443 Patent.

**RESPONSE:**    Denied.

92.    Upon information and belief, the manufacture, use, sale, offer for sale, and/or importation of at least Sagent's 16 mg/250 ml ANDA Product in accordance with, and as directed by, its proposed labeling would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE443 Patent, including at least claim 1 of the RE443 Patent.

**RESPONSE:**    Denied.

93.    Upon information and belief, Sagent is aware of the RE443 Patent because it is listed in the Orange Book in connection with InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride (16 mg/250 ml) solution. Upon information and belief, Sagent plans and intends to, and will, directly infringe and/or actively induce and/or contribute to infringement of the RE443 Patent when Sagent's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Sagent's activities will be done with knowledge of the RE443 Patent and specific intent to infringe that patent.

**RESPONSE:**    Sagent admits that it is aware of the RE443 Patent and that it was listed in the

Orange Book in connection with InfoRLife's Products after Sagent submitted its ANDA to FDA.

Sagent denies the remaining allegations of paragraph 93.

94.    Upon information and belief, notwithstanding Sagent's knowledge of the claims of the RE443 Patent, Sagent has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sagent's 16 mg/250 ml ANDA Product in accordance with its product labeling following FDA approval of Sagent's ANDA prior to the expiration of the RE443 Patent.

**RESPONSE:**    Sagent admits it submitted an amendment to its ANDA to the FDA seeking

approval to manufacture, offer for sale, sell, distribute, and/or import Sagent's ANDA Product

with its product labeling following FDA approval of Sagent's ANDA prior to the expiration of the

RE443 Patent. Sagent denies the remaining allegations of paragraph 94.

95.    The foregoing actions by Sagent constitute and/or will constitute infringement of

the RE443 Patent, active inducement of infringement by others of the RE443 Patent, and/or contributory infringement of the RE443 Patent.

**RESPONSE:**    Denied.

96.    Upon information and belief, Sagent has acted with full knowledge of the RE443 Patent and without a reasonable basis for believing that it would not be liable for infringement of the RE443 Patent, active inducement of infringement of the RE443 Patent, and/or contributing to the infringement by others of the RE4443 Patent.

**RESPONSE:**    Denied.

97.    Plaintiffs will be substantially and irreparably damaged by infringement of the RE4443 Patent.

**RESPONSE:**    Denied.

98.    Unless Sagent is enjoined from infringing the RE443 Patent, actively inducing infringement of the RE443 Patent, and contributing to infringement of the RE443 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**    Denied.

## COUNT VI – DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE RE443 PATENT

99.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**    Sagent incorporates each of the preceding paragraphs as if fully set forth herein.

100.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Sagent on the other regarding Sagent's infringement, active inducement of infringement, and contributory infringement of the RE443 Patent.

**RESPONSE:**    Sagent admits there is a case or controversy between Plaintiff and Sagent regarding the validity and infringement of the RE443 Patent. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, denied.

101.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of at least Sagent's 16 mg/250 ml ANDA Product in accordance with its proposed labeling, or any other Sagent drug products that are covered by or whose use is covered by the RE443 Patent, will infringe and induce the infringement of the RE443 Patent.

21

**RESPONSE:**    Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Sagent denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

Without altering the burdens of proof, Sagent asserts the following affirmative and other defenses:

1.    Sagent has not, is not, and will not infringe any claim of the '534 Patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

2.    The '534 patent is invalid under at least one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.    Plaintiffs have failed to state any claim for infringement of the '534 patent.

4.    Sagent has not, is not, and will not infringe any claim of the RE422 Patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

5.    The RE422 Patent is invalid under at least one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

6.    Plaintiffs have failed to state any claim for infringement of the RE422 Patent.

7.    Sagent has not, is not, and will not infringe any claim of the RE443 Patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

8.    The RE443 Patent is invalid under at least one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

22

9.    Plaintiffs have failed to state any claim for infringement of the RE443 Patent.

10.    The Court lacks subject matter jurisdiction over all the Plaintiffs' allegations because Plaintiff lacks standing to pursue this action.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Sagent Pharmaceuticals ("Sagent") brings the following counterclaims against Plaintiffs and Counterclaim-Defendants InfoRLife SA ("InfoRLife") and Sintetica S.A. ("Sintetica") that the claims of U.S. Patent No. 10,888,534 ("the '534 Patent"), U.S. Patent No. 10,251,848 ("the '848 Patent"), U.S. Patent No. RE49,422 ("the RE422 Patent"), and U.S. Patent No. RE49,443 ("the RE443 Patent") are invalid and/or not infringed.

## The Parties

1.    Sagent is a corporation organized and existing under the laws of the State of Wyoming, having a business address at 1515 E. Woodfield Road, Suite 1100, Schaumburg, IL 60173.

2.    Upon information and belief, Plaintiff/Counterclaim-Defendant InfoRLife is a public limited company organized and existing under the laws of Switzerland, with its principal place of business at Casai, 7748 Campasico, Switzerland.

3.    Upon information and belief, Plaintiff/Counterclaim Defendant Sintetica is a company organized and existing under the laws of Switzerland, with its principal place of business at Via Penate 5, 6850 Mendrisio, Switzerland.

## Jurisdiction and Venue

4.    These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201

23

and 2202, and under United States patent laws.

5.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over the Plaintiffs/Counterclaim-Defendants entities identified in paragraphs 2 and 3 above because, at the least, Plaintiff/Counterclaim-Defendants subjected themselves to personal jurisdiction by filing their First Amended Complaint herein.

7.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) and by Plaintiffs'/Counterclaim-Defendants' choice of forum.

8.    The '534 Patent, attached to the First Amended Complaint as Exhibit A (D.I. 18-1), issued on January 12, 2021. On its face the '534 patent designates InfoRLife as its assignee. InfoRLife is a proper defendant for Sagent's counterclaims relating to the '534 patent.

9.    The RE422 Patent, attached to the First Amended Complaint as Exhibit B (D.I. 18-2), issued on February 21, 2023. On its face the RE422 Patent designates Sintetica as its assignee. InfoRLife has alleged it is a licensee of the RE422 Patent in paragraph 3 of the First Amended Complaint. Sintetica and InfoRLife are proper defendants for Sagent's counterclaims relating to the RE422 Patent.

10.    The RE443 Patent, attached to the First Amended Complaint as Exhibit C (D.I. 18-3), issued on March 7, 2023. On its face the RE443 Patent designates Sintetica as its assignee. InfoRLife has alleged it is a licensee of the RE443 Patent in paragraph 3 of the First Amended Complaint. Sintetica and InfoRLife are proper defendants for Sagent's counterclaims relating to

24

the RE443 Patent.

11.    The '848 Patent, attached here as Exhibit 1, issued on April 9, 2019. On its face the '848 Patent designates Sintetica as its assignee. Upon information and belief, InfoRLife is a licensee of the '848 Patent. Sintetica and InfoRLife are proper defendants for Sagent's counterclaims relating to the '848 Patent.

**The '534 Patent**

12.    Claim 1 of the '534 patent requires, among other things, a sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution.

13.    Each of remaining claims 2-15 depend from claim 1 and therefore also require, among other things, a sterile, antioxidant-free aqueous norepinephrine solution packaged in a flexible plastic container wherein dissolved oxygen in the solution has not been removed before filling the flexible plastic container with the solution.

14.    The '534 patent specification states that "in certain embodiments, dissolved oxygen in the norepinephrine solution may be removed prior to filling the flexible plastic container with the solution. This removal of dissolved oxygen may be performed by deaerating or degassing the solution by bubbling or blowing an inert gas." (D.I. 18-1, at 5:31-34.)

15.    The '534 patent specification states that "[i]n other, preferred embodiments, dissolved oxygen in the norepinephrine solution is not removed prior to filling the flexible plastic container with the solution. In such embodiments, dissolved oxygen either is (i) not removed from the water prior to dissolving the norepinephrine in the water, (ii) not removed from the solution

25

after dissolving the norepinephrine in the water, or both (i) and (ii)." (D.I. 18-1 at 5:38-44.)

16.     The '534 patent specification states that "[i]n embodiments in which dissolved oxygen in the norepinephrine solution is not removed prior to filling the flexible plastic container with the solution, the filling of the flexible plastic container with the solution may be performed in an air environment, rather than in an inert gas environment." (D.I. 18-1 at 5:53-57.)

17.     The '534 patent issued from U.S. Application No. 16/395,541 ("the '541 application"), which was filed on April 26, 2019.

18.     During prosecution of the '541 application, the examiner issued an Office Action dated August 23, 2019, rejecting the pending claims as obvious over U.S. Published Application No. 2017/0049720 to Mitidieri et al. ("Mitidieri").

19.     In an Amendment dated November 22, 2019, the applicants stated "[f]urthermore, independent claim 1 recites that dissolved oxygen in the solution has not been removed before filling the flexible container with the solution. This further distinguishes the present claims from Mitidieri."

20.     In an Amendment dated April 24, 2020, the applicants contrasted the claimed invention of the '541 application from the disclosure in Mitidieri on the basis that "the claimed solution is not deoxygenated."

**The RE422 Patent**

21.     Claim 4 of the RE422 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (D.I. 18-2 at 9:26-35.)

26

22.	Each of claims 5-11 of the RE422 Patent are dependent on claim 4, and therefore also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 9:36 – 10:13.)

23.	Claim 12 of the RE422 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:14-22.)

24.	Each of claims 13-19 of the RE422 Patent are dependent on claim 12 and, therefore, also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:23-64.)

25.	Claim 20 of the RE422 Patent requires, among other things, a container of a low concentration injectable noradrenaline bitartrate solution, produced by a method comprising in the substantial absence of air or oxygen dissolving noradrenaline bitartrate in deoxygenated or degassed water. (*Id.* at 10:65 – 11:21.)

26.	Each of claims 21-23 of the RE422 Patent are dependent on claim 20 and, therefore, also require, a container of a low concentration injectable noradrenaline bitartrate solution, produced by a method comprising, in the substantial absence of air or oxygen, dissolving noradrenaline bitartrate in deoxygenated or degassed water. (*Id.* at 11:22-29.)

## The RE443 Patent

27.	Claim 1 of the RE443 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent is degassed or deaerated water. (D.I. 18-3 at 9:2-8.)

27

28.    Claims 2-3 of the RE443 Patent are dependent on claim 1 and, therefore, also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent is degassed or deaerated water. (*Id.* at 9:9-25.)

29.    Claim 4 of the RE443 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 9:26-35.)

30.    Each of claims 5-11 of the RE443 Patent are dependent on claim 4 and, therefore, also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 9:36 - 10:12.)

31.    Claim 12 of the RE443 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:13-22.)

32.    Each of claims 13-16 of the RE443 Patent are dependent on claim 12 and, therefore, also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:23-54.)

33.    Claim 17 of the RE443 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:55-62.)

34.    Claims 18-21 of the RE443 Patent are dependent on claim 18 and require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 10:63 – 11:25.)

28

35.    Claim 22 of the RE443 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 11:26 – 12:4.)

36.    Claims 23-24 of the RE443 Patent are dependent on claim 22 and require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent consists of degassed or deaerated water. (*Id.* at 12:5-28.)

### The '848 Patent

37.    Claim 1 of the '848 Patent requires, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent is degassed or deaerated water. (Ex. 1 at 8:53-59.)

38.    Claims 2-3 of the '848 Patent are dependent on claim 1 and, therefore, also require, among other things, a stable injectable noradrenaline solution comprising a solvent, where the solvent is degassed or deaerated water. (*Id.* at 8:60 – 9:7.)

### InfoRLife's NDA and Sagent's ANDA

39.    Upon information and belief, InfoRLife is the holder of the New Drug Application ("NDA") No. 215700 ("the NDA") for the sale of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use.

40.    The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., as amended by the Hatch-Waxman Amendments, sets forth the rules and procedures followed by the Food and Drug Administration (FDA) when it considers whether to approve drugs.

41.    Upon information and belief, InfoRLife listed the '534 patent in the "Orange Book"

in connection with norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use.

42.    Sagent filed abbreviated new drug application (ANDA) No. 219932 ("Sagent's ANDA") seeking FDA approval for the sale of norepinephrine bitartrate in 0.9% sodium chloride (4 mg/250 ml, 8 mg/250 ml, and 16 mg/250 ml) solution, for intravenous use ("Sagent's ANDA Product"). Sagent's ANDA contained a "paragraph IV certification," pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the claims of the '534 patent would not be infringed by the proposed manufacture, use, or sale of its proposed product that is the subject of its ANDA, and/or that those claims are invalid or unenforceable.

43.    As required by 35 U.S.C. § 355(j)(2)(B), Sagent provided notice and a detailed statement of the factual and legal bases for its paragraph IV certification to InfoRLife.

44.    In Sagent's Notice Letter, Sagent provided an Offer of Confidential Access to Application ("OCA") to InfoRLife to access certain information from Sagent's ANDA and other related information for the purpose of determining whether an infringement action can be brought.

45.    On July 8, 2025, Sagent submitted an amendment to its ANDA to the FDA. That amendment contained a "paragraph IV certification," pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the claims of the RE422 Patent, the claims of the RE443 Patent, and the claims of the '848 Patent would not be infringed by the proposed manufacture, use, or sale of its proposed product that is the subject of its ANDA, and/or that those claims are invalid or unenforceable.

46.    As required by 35 U.S.C. § 355(j)(2)(B), Sagent provided notice and a detailed

statement of the factual and legal bases for its paragraph IV certifications to InfoRLife.

47.    On July 7, 2025, Sagent submitted an amendment to its ANDA to the FDA. That amendment contained certain changes to the compounding process by which Sagent's ANDA Product will be made. This amendment was provided to InfoRLife in this litigation on August 5, 2025.

48.    The compounding process by which each strength of Sagent's ANDA Product must be made is set forth in a compounding Batch Production and Control Record ("compounding BPCR"), which are attached as Exhibits 2-4. These compounding BPCRs were provided to InfoRLife in this litigation.

49.    The compounding BPCR for each strength of Sagent's ANDA Product indicates that the ███████████ used in the compounding process is ████████████████ ████████████████████████ .

50.    ████████████████████████████████████████ in the compounding process by which Sagent's ANDA Product will be made.

51.    The compounding BPCR for each strength of Sagent's ANDA Product at section 4.0: Schematic Flow Diagram – Compounding (Ex. 2 at Sagent_NOR_NaCl_000018 (4 mg/250 mL), Ex. 3 at Sagent_NOR_NaCl_000072 (8 mg/250 mL), Ex. 4 at Sagent_NOR_NaCl_000126 (16 mg/250 mL), states that ████████████████████████ ████████████████████████████████████████ ████████████████████ .

52.    The compounding BPCR for each strength of Sagent's ANDA Product at step

31

10.2.16 (Ex. 2 at Sagent_NOR_NaCl_000039 (4 mg/250 mL), Ex. 3 at Sagent_NOR_NaCl_000093 (8 mg/250 mL), Ex. 4 at Sagent_NOR_NaCl_000147 (16 mg/250 mL)) states that ███████████████████████████████████████ ████████████████████████████████. According to the compounding BPCR, this ███████████████████████████████████████████.

53.    The compounding BPCR for each strength of Sagent's ANDA Product at step 15.3. (Ex. 2 at Sagent_NOR_NaCl_000052 (4 mg/250 mL), Ex. 3 at Sagent_NOR_NaCl_000106 (8 mg/250 mL), Ex. 4 at Sagent_NOR_NaCl_000160 (16 mg/250 mL)), describes the ████████ ██████████████████████. It states that ██████████████████████████ ████████████████████████████████████████████████████.

54.    The compounding BPCR for each strength of Sagent's ANDA Product at step 15.3.3 (Ex. 2 at Sagent_NOR_NaCl_000053 (4 mg/250 mL), Ex. 3 at Sagent_NOR_NaCl_000107 (8 mg/250 mL), Ex. 4 at Sagent_NOR_NaCl_000161 (16 mg/250 mL)), states that ████████ █████████████████████████████████████████.

55.    The compounding BPCR for each strength of Sagent's ANDA Product at step 15.6 (Ex. 2 at Sagent_NOR_NaCl_000055 (4 mg/250 mL), Ex. 3 at Sagent_NOR_NaCl_000109 (8 mg/250 mL), Ex. 4 at Sagent_NOR_NaCl_000163 (16 mg/250 mL)), states that ████████ ███████████████████████████████████.

56.    The current process by which the bulk solution for each strength of Sagent's ANDA Product will be filled into containers is described in a BPCR ("filling BPCR"), which are attached as Exhibits 5-7. These filling BPCRs were provided to InfoRLife pursuant to an Offer of Confidential Access.

32

57.     The filling BPCR for each strength of Sagent's ANDA Product under "Precautions" at section 5.1 (Ex. 5 at Sagent_NOR_NaCl_OCA-001159; Ex. 6 at Sagent_NOR_NaCl_OCA-001213; Ex. 7 at Sagent_NOR_NaCl_OCA-001267) states that " ████████████████████████ ████████████████████ ."

58.     The filling BPCR for each strength of Sagent's ANDA Product at section 5.3, step 2 (Ex. 5 at Sagent_NOR_NaCl-001160; Ex. 6 at Sagent_NOR_OCA-001214; Ex. 7 at Sagent_NOR_OCA-001268) states that " ███████████████████████ ███████████ "

59.     Sagent's ANDA Product does not and will not literally meet the limitation in independent claim 1 of the '534 patent that the dissolved oxygen in the norepinephrine solution has not been removed before filling the flexible plastic container with the solution.

60.     Sagent's ANDA Product does not and will not meet the limitation in independent claim 1 of the '534 patent that the dissolved oxygen in the norepinephrine solution has not been removed before filling the flexible plastic container with the solution under the doctrine of equivalents.

61.     In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 4 of the RE422 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent comprises degassed or deaerated water.

62.     In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 12 of the RE422 Patent, the solvent, Water for Injection, is not degassed or

33

deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent comprises degassed or deaerated water.

63. In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 1 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent comprises degassed or deaerated water.

64. In contrast to independent claim 20 of the RE422 Patent, Sagent's ANDA Product will not be produced by a method comprising, in the substantial absence of air or oxygen, dissolving noradrenaline bitartrate in deoxygenated or degassed water.

65. In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 1 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent is degassed or deaerated water.

66. In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 4 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent consists of degassed or deaerated water.

67. In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 12 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent consists of degassed or deaerated water.

34

68.     In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 17 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent consists of degassed or deaerated water.

69.     In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 22 of the RE443 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent consists of degassed or deaerated water.

70.     In the process by which Sagent's ANDA Product will be made, and in contrast to independent claim 1 of the '848 Patent, the solvent, Water for Injection, is not degassed or deaerated. Therefore, Sagent's ANDA Product will not comprise a solvent, where the solvent is degassed or deaerated water.

**FIRST COUNTERCLAIM**

**Declaratory Judgment for Noninfringement of the '534 Patent**

71.     Sagent incorporates by reference paragraphs 1-70 of its counterclaims.

72.     Because Plaintiffs/Counterclaim-Defendants filed suit pursuant to 35 U.S.C. § 271(e)(2) for infringement of the '534 Patent, there is an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiff as to the validity and infringement of the '534 patent. To the extent that subject matter jurisdiction exists for Plaintiffs'/Counterclaim-Defendants' § 271(a), (b), and (c) actions, an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiffs/Counterclaim-Defendants as to the validity and infringement of the '534 patent also exists.

35

73.     Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not literally infringe any claim of the '534 Patent.

74.     Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not infringe any claim of the '534 Patent under the doctrine of equivalents.

75.     Sagent is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product will not infringe any claim of the '534 Patent, either directly, indirectly, by inducement or contributorily, literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### Declaratory Judgment for Invalidity of the '534 Patent

76.     Sagent incorporates by reference paragraphs 1-75 of its counterclaims.

77.     Sagent is entitled to a judicial declaration that the claims of the '534 Patent are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM

### Declaratory Judgment for Noninfringement of the RE422 Patent

78.     Sagent incorporates by reference paragraphs 1-77 of its counterclaims.

79.     Because Plaintiffs/Counterclaim-Defendants filed suit pursuant to 35 U.S.C. § 271(e)(2) for infringement of the RE422 Patent, there is an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiff as to the validity and infringement of the

36

RE422 Patent. To the extent that subject matter jurisdiction exists for Plaintiffs'/Counterclaim-Defendants' § 271(a), (b), and (c) actions, an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiffs/Counterclaim-Defendants as to the validity and infringement of the RE422 Patent also exists.

80. Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not literally infringe any claim of the RE422 Patent.

81. Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not infringe any claim of the RE422 Patent under the doctrine of equivalents.

82. Sagent is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product will not infringe any claim of the RE422 Patent, either directly, indirectly, by inducement or contributorily, literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM**

**<u>Declaratory Judgment for Invalidity of the RE422 Patent</u>**

83. Sagent incorporates by reference paragraphs 1-82 of its counterclaims.

84. Sagent is entitled to a judicial declaration that the claims of the RE422 Patent are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

37

## FIFTH COUNTERCLAIM

### Declaratory Judgment for Noninfringement of the RE443 Patent

85.    Sagent incorporates by reference paragraphs 1-84 of its counterclaims.

86.    Because Plaintiffs/Counterclaim-Defendants filed suit pursuant to 35 U.S.C. § 271(e)(2) for infringement of the RE443 Patent, there is an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiff as to the validity and infringement of the RE443 Patent. To the extent that subject matter jurisdiction exists for Plaintiffs'/Counterclaim-Defendants' § 271(a), (b), and (c) actions, an actual, substantial, continuing and justiciable controversy between Sagent and Plaintiffs/Counterclaim-Defendants as to the validity and infringement of the RE443 Patent also exists.

87.    Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not literally infringe any claim of the RE443 Patent.

88.    Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not infringe any claim of the RE443 Patent under the doctrine of equivalents.

89.    Sagent is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product will not infringe any claim of the RE443 Patent, either directly, indirectly, by inducement or contributorily, literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

### Declaratory Judgment for Invalidity of the RE443 Patent

90.    Sagent incorporates by reference paragraphs 1-89 of its counterclaims.

38

91.    Sagent is entitled to a judicial declaration that the claims of the RE443 Patent are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SEVENTH COUNTERCLAIM**

**Declaratory Judgment for Noninfringement of the '848 Patent**

92.    Sagent incorporates by reference paragraphs 1-91 of its counterclaims.

93.    Plaintiffs/Counterclaim-Defendants filed the present action against Sagent for infringement of the '534 Patent, the RE422 Patent, and the RE443 Patent. Plaintiffs/Counterclaim-Defendants, however, did not file suit against Sagent for infringement of the '848 Patent. Because the '848 patent is listed in the Orange Book for InfoRLife's norepinephrine bitartrate in 0.9% sodium chloride injectable products, Plaintiffs'/Counterclaim-Defendants' failure to institute litigation concerning the '848 Patent may impair Sagent's ability to bring Sagent's ANDA Product to market. Sagent thus seeks a declaratory judgment of non-infringement and/or invalidity of the '848 Patent.

94.    Under 35 U.S.C. § 271(e)(2)(A), this Court has subject matter jurisdiction because Sagent submitted its ANDA amendment to the FDA containing a paragraph IV certification with respect to the '848 Patent. Furthermore, 35 U.S.C. § 271(e)(5) specifically provides this Court shall have subject matter jurisdiction under section 2201 of Title 28 for a declaratory judgment that an unasserted Orange Book patent is invalid or not infringed.

95.    Because Plaintiffs/Counterclaim-Defendants filed this lawsuit for infringement of the '534 Patent, the RE422 Patent, and the RE443 Patent, Plaintiffs/Counterclaim-Defendants has demonstrated an intent to enforce their patents relating to InfoRLife's norepinephrine bitartrate in

39

0.9% sodium chloride injectable products.

96.     Plaintiffs/Counterclaim-Defendants have never disavowed an intent to assert that Sagent's ANDA Product infringes the '848 Patent.

97.     Sagent will continue to seek approval of its ANDA No. 219932 to market Sagent's ANDA Product.

98.     Because InfoRLife caused the FDA to list the '848 Patent in the Orange Book but did not assert that patent against Sagent in this lawsuit, even though the '848 Patent is related to the RE422 Patent and the RE443 Patent, shares substantial content with them, and covers the same technology, Sagent has a reasonable apprehension that Plaintiffs/Counterclaim-Defendants will sue Sagent for infringement of the '848 Patent.

99.     An actual justiciable controversy exists between Plaintiffs/Counterclaim-Defendants and Sagent regarding the infringement and/or invalidity of the '848 Patent.

100.     To avoid legal uncertainty and protect its substantial investment in Sagent's ANDA Product, Sagent has brought these declaratory judgment claims against the '848 Patent.

101.     Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not literally infringe any claim of the '848 Patent.

102.     Sagent's manufacture, use, sale, offer for sale, and importation of Sagent's ANDA Product does not and will not infringe any claim of the '848 Patent under the doctrine of equivalents.

103.     Sagent is entitled to a judicial declaration that the manufacture, use, sale, offer for

40

sale, and importation of Sagent's ANDA Product will not infringe any claim of the RE443 Patent, either directly, indirectly, by inducement or contributorily, literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

### Declaratory Judgment for Invalidity of the '848 Patent

104.    Sagent incorporates by reference paragraphs 1-103 of its counterclaims.

105.    Sagent is entitled to a judicial declaration that the claims of the '848 Patent are invalid for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Sagent prays for judgment in its favor and against Plaintiffs/Counterclaim-Defendants as follows:

A.    Judgment that Sagent has not infringed and does not infringe any claim of the '534 Patent;

B.    Judgment that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sagent's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '534 Patent;

C.    Judgment that the claims of the '534 Patent are invalid;

D.    Judgment that Sagent has not infringed and does not infringe any claim of the RE422 Patent;

E.    Judgment that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sagent's ANDA Product does not, and would not, if marketed, infringe any valid

41

and enforceable claim of the RE422 Patent;

      F.      Judgment that the claims of the RE422 Patent are invalid;

      G.      Judgment that Sagent has not infringed and does not infringe any claim of the RE443 Patent;

      H.      Judgment that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sagent's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the RE443 Patent;

      I.      Judgment that the claims of the RE443 Patent are invalid;

      J.      Judgment that Sagent has not infringed and does not infringe any claim of the '848 Patent;

      K.      Judgment that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sagent's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '848 Patent;

      L.      Judgment that the claims of the '848 Patent are invalid;

      M.      Judgment that Plaintiffs/Counterclaim-Defendants are not entitled to injunctive relief;

      N.      Judgment that Plaintiff/Counterclaim-Defendant takes nothing by this action;

      O.      Judgment that this be declared an exceptional case under 35 U.S.C. § 285, and that Sagent be awarded its costs, including reasonable attorneys' fees; and

      P.      For such other relief as the Court deems just and proper.

OF COUNSEL:
Jeffrey S. Ward
Emer L. Simic
NEAL, GERBER & EISENBERG LLP
225 West Randolph Street, Suite 2800
Chicago, IL 60606
(312) 269-8000
jward@nge.com
esimic@nge.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendant Sagent*
*Pharmaceuticals (Inc.).*

Dated: August 13, 2025